Daniel, J.
 

 If the constable had collected the money within the five days, and a demand had been made of him after, for payment, both he and his sureties might have been sued on this bond, in case he had not paid over the pioney : for the law made it his duty to pay it over; and the obligation rested on the constable to pay over money thus collected, even after his official year had expired. The constable, whilst in office, gave a receipt that he Would collect or return the notes. He did not collect the money due on them; his year ran out, and the notes were demanded of him in October of the next year, when he ¡refused to deliver them or account for them. We think,
 
 that the
 
 sureties were bound to
 
 see, not only
 
 that all the moneys, which the constable had collected during his official year, should be paid over to the persons, to whom the same was due, on demand, but that all evidences of debt, placed in his hands, as constable, should be returned to their respective owners, when his year expired. If, indeed, the constable had continued in office for another year, and the creditor had allowed the evidences of the debts to remain in the hands of the officer, it might be.
 
 *79
 
 evidence of a new contract of agency, upon which the sureties of the second year would be liable. But, in this case, there is nothing on which such a presumption can be raised, as we believe it is the universal understandings that under the Act of 1818, the constable, merely by having the claim for collection, is constituted the creditor’s-agent only during the period he continues to be a constable. If the sureties were not held responsible for the return of those evidences of debt, which were not collected at the expiration of the constable’s year, much injury might happen to the owners of such evidences,, by the conduct of insolvent or careless constables.
 

 We think, the evidence proved, that the constable had! not discharged his duties according to law.
 

 There must be a new trial.
 

 Per Curiam. New trial awarded..